IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARSHALL DEWAYNE WILLIAMS, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | No. 3:21-cv-01729-G (BT) | |
| § | | |
| WARDEN OF USP, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Marshall Dewayne Williams, a federal prisoner at the United States Penitentiary (USP) Coleman I in Sumterville, Florida, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the calculation of his sentence. The District Court referred the matter to the United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should DISMISS the petition.

I.

On July 1, 2021, Williams filed his petition in this Court in the Northern District of Texas.[1] In his petition, Williams argues that his sentence has not

---

[1] Under the prison mailbox rule, a prisoner's *pro se* filing is deemed filed when it is delivered to prison authorities for mailing to the Court's clerk. *Houston v. Lack*, 487 U.S. 266, 268 (1988); *Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011). Williams's § 2241 petition, apparently mailed by prison officials, is signed and dated July 1, 2021. Pet. 4, 5 (ECF No. 3).

1

been properly calculated. However, at the time he filed his petition, Williams was incarcerated at USP Coleman I in Sumterville, Florida. Pet. 18 (ECF No. 3).

## II.

A § 2241 petition "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *see also Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978) (per curiam) (noting that the district court does not have jurisdiction to consider a § 2241 petition unless the federal prisoner or his custodian are found within the jurisdiction of the district court). "Without such jurisdiction, the court has no authority to direct the actions of the restraining authority." *Lee v. Wetzel*, 244 F.3d 370, 374 (5th Cir. 2001) (quoting *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999)). Moreover, when a district court does not have jurisdiction over a § 2241 petition, the petition should be dismissed without prejudice to permit it to be filed in the proper court. *Id.* at 375. Here, on July 1, 2021, Williams filed his § 2241 petition in the Dallas Division of the Northern District of Texas. At that time, he was incarcerated at USP Coleman I, which lies in the Ocala Division of the Middle District of Florida. Consequently, the Northern District of Texas, Dallas Division, lacks jurisdiction over the § 2241 petition, and dismissal without prejudice is appropriate.

III.

For the foregoing reasons, the petition should be DISMISSED without prejudice for lack of jurisdiction.

SO RECOMMENDED.

Signed August 2 , 2021.

                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).