IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARSHALL DEWAYNE WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:21-cv-01729-G-BT |
| | § | |
| WARDEN OF USP, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Marshall Dewayne Williams, a federal prisoner, has filed a "Motion to Reinstate the Case; Amend Judgment and Order; Extend Time to Submit Objections Nunc Pro Tunc; and Affidavit in Support" (ECF No. 7), which the Court construes as a motion to set aside judgment in this closed habeas corpus case. The District Court referred the motion to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the reasons stated, the District Court should DENY the motion.

I.

On July 26, 2021, Williams filed this habeas action under 28 U.S.C. § 2241. (ECF No. 3.) On August 2, 2021, the United States magistrate judge issued findings and a recommendation that Williams's petition be dismissed without prejudice for lack of jurisdiction because the § 2241 petition should have been filed in the Ocala Division of the Middle District of Florida, where Williams was incarcerated, and the Northern District of Texas, Dallas Division, lacked

1

jurisdiction. Williams did not file objections, and on August 30, 2021, the District Court accepted the magistrate judge's findings and recommendation and entered judgment. Ord. (ECF No. 5); J. (ECF No. 6).

On September 9, 2021, this Court received the pending motion to set aside judgment. Mot. (ECF No. 7). Williams's motion consists of three handwritten pages and several exhibits, including a motion to transfer the case to the Middle District of Florida, Ocala Division, and objections to the magistrate judge's findings, conclusions, and recommendation.

II.

A motion seeking reconsideration of a prior ruling is evaluated either as (i) a motion to alter or amend a judgment under Rule 59(e), or (ii) as a motion for relief from a final judgment, order, or proceeding or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). If the movant filed the motion within twenty-eight days after the entry of judgment, the Court treats the motion as though it was filed under Rule 59; and if the movant filed the motion more than twenty-eight days after the entry of judgment, the Court analyzes it under Rule 60(b). *Id.* Here, Williams filed his motion on September 7, 2021, eight days after the Court entered its judgment on August 30, 2021.[1] Therefore, the Court considers the motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or

---

[1] A prisoner's pleading is deemed filed on the date it is delivered to prison officials for mailing to the clerk of court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Here, Williams's motion is signed and dated September 7, 2021. Mot. 2, 3 (ECF No. 7).

2

amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Under Rule 59, the court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law. . . and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). When a court considers a Rule 59 motion, it is must recognize "the need to bring litigation to an end and the need to render decisions on the basis of all the facts" must be balanced. *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). A motion to alter or amend judgment under Rule 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). A manifest error of law is an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation marks omitted). A court has considerable discretion in deciding whether to reopen a case under a Rule 59(e) motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

III.

Williams's motion should be denied because he has failed to show that he is entitled to Rule 59 relief. Williams argues that he did not receive the magistrate judge's August 2, 2021 findings, conclusions, and recommendation until September 3, 2021. He further argues that he promptly drafted objections, and

he planned to mail the objections to the Court on September 7, 2021. Williams contends that, on September 7, 2021, at 9:30 p.m., the Unit Officer delivered his mail, and it included the Court's August 30, 2021 Order and Judgment. Williams claims that he has suffered "injustice and prejudice due to circumstances outside of his control." Mot. 2 (ECF No. 7). Williams moves for the Court to reinstate the case to "active status," extend the time for him to file objections by 45 days, and enter an order amending the August 30, 2021 Order and Judgment consistent with his motion to transfer and objections or do whatever the Court deems appropriate. *Id.* 3. Williams is not entitled to any of the relief he seeks.

In his objections, Williams objects to the magistrate judge's: (1) recommendation to dismiss his case without prejudice where she offers no "viable alternative" to have his "cognizable and meritorious legal issues addressed" (ECF No. 7-1 at 5); (2) recommendation because she should have recommended the petition be transferred to the Middle District of Florida, Ocala Division; (3) "misconstruction of applicable law" when she concluded that his absence from the Northern District of Texas deprived the Court of jurisdiction over the case; (4) findings that indicate that the Warden is the proper respondent and custodian in this case; and (5) redesignation of the respondent and construing of the case as a "civil" case and not a "criminal case" (*Id.* at 7). These arguments are not supported by the law, and they are wholly frivolous. Even if the Court set aside the August 30, 2021 judgment and allowed Williams to file his objections, it would be without any legal consequence, ultimately, because his objections are meritless. As

4

discussed in the magistrate judge's findings, conclusions, and recommendation, a § 2241 "must be filed in the same district where the prisoner is incarcerated." FCR 2 (ECF No. 4) (quoting *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000), and citing *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978) (per curiam)). And "[w]ithout such jurisdiction, the court has no authority to direct the actions of the restraining authority." *Id.* (quoting *Lee v. Wetzel*, 244 F.3d 370, 374 (5th Cir. 2001)). At the time Williams's § 2241 petition was filed on July 1, 2021, he was incarcerated at USP Coleman I, located in the Ocala Division of the Middle District of Florida. Therefore, the Northern District of Texas, Dallas Division, where he filed his petition, lacked jurisdiction over the petition, and dismissal without prejudice was appropriate. *Id.* (citing *Lee*, 244 F.3d at 375) (noting that when a district court does not have jurisdiction over a § 2241 petition, the petition should be dismissed without prejudice to permit it to be filed in the proper court)).

Williams argues that the magistrate judge erred by not recommending his petition be transferred. He further argues that if this Court chooses not to exercise jurisdiction over his petition, the petition should be transferred to the Ocala Division of the Middle District of Florida. Mot. 1-4 (ECF No. 7-1). However, Williams's petition was properly dismissed without prejudice, *Lee*, 244 F.3d at 375, and to the extent he wishes to pursue the petition in the Middle District of Florida, he needs to re-file it there.

For these reasons, Williams has failed to present any argument demonstrating that he is entitled to relief from this Court's judgment dismissing his § 2241 petition. Therefore, the Court should deny his Rule 59(e) motion.

## Conclusion

The District Court should DENY Williams's Rule 59(e) motion to set aside judgment (ECF No. 7).

Signed September 24, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).