IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARSHALL DEWAYNE WILLIAMS, §
           Petitioner, §
            §
v. §      No. 3:21-cv-01729-G-BT
            §
WARDEN OF USP, §
           Respondent. §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Marshall Dewayne Williams's Motion to Proceed *In Forma Pauperis* on Appeal (ECF No. 12). For the reasons discussed herein, Williams's motion should be denied.

Title 28 U.S.C. § 1915(a) sets forth the standards governing *in forma pauperis* motions. The goal of § 1915(a) is to allow access to federal courts for those parties who lack the resources to pay any of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). A federal court may authorize a civil or criminal appeal by a person who provides an affidavit that includes a statement of all assets such person possesses, and he demonstrates he is unable to pay the fees or give security therefor. 28 U.S.C. § 1915(a)(1). In addition, if the person is a prisoner, he must also provide a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. *Id.* § 1915(a)(2). The Court must then examine the financial condition of the

1

applicant to determine whether the payment of fees would "cause undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on [an] individual [applicant's] financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, Williams seeks to appeal the District Court's October 16, 2021 order accepting the undersigned magistrate judge's findings and conclusions, recommending that the District Court construe his "Motion to Reinstate the Case; Amend Judgment and Order; Extend Time to Submit Objections Nunc Pro Tunc; and Affidavit in Support" (ECF No. 7) as a motion to set aside judgment under Federal Rule of Civil Procedure 59(e) in a closed habeas corpus case and deny it. On December 28, 2021, the Court received Williams's Motion to Proceed *In Forma Pauperis* on Appeal. (ECF No. 12.) In support of his motion, Williams has filed a certificate of inmate trust account, which demonstrates that his account balance on December 9, 2021 was $1,909.81. In addition, he claims that he has no regular monthly expenses, debts, or financial obligations. In sum, he has failed to demonstrate it would "cause undue financial hardship" for him to pay the $505.00 appellate filing fee. *See Prows*, 842 F.2d at 140. Therefore, the District Court should DENY Williams's motion for leave to proceed *in forma pauperis* on appeal.

Signed December 30, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

3