IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARSHALL DEWAYNE WILLIAMS, #14130-077, § § § Petitioner, § § v. § § WARDEN OF USP, § § Respondent. § § § | No. 3:21-cv-01729-G-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Marshall Dewayne Williams, a federal prisoner, appealed this Court's dismissal of his habeas case to the Fifth Circuit Court of Appeals. Recently, the Fifth Circuit remanded the case for the limited purpose of determining the timeliness of Williams's notice of appeal. For the reasons stated, the Court should find that Williams timely filed his notice of appeal.

I.

Williams initiated this habeas action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. §2241. The magistrate judge issued findings and conclusions recommending that the Court dismiss the petition without prejudice for lack of jurisdiction. FCR (ECF No. 4). Williams did not file any objections, and on August 30, 2021, the District Court accepted the magistrate judge's findings and recommendation and entered judgment. Ord. (ECF No. 5); J. (ECF No. 6).

1

Williams then filed a post-judgment motion under Federal Rule of Civil Procedure 59(e). The magistrate judge issued findings and conclusions recommending that the Court deny the post-judgment motion. FCR (ECF No. 8). On October 16, 2021, the District Court accepted the magistrate judge's findings and recommendation. Ord. (ECF No. 9).

Thereafter, Williams filed a "Notice of Appeal and Notice of Delayed Mail" (ECF No. 11), and—two weeks later—he filed a motion for leave to proceed *in forma pauperis* on appeal (ECF No. 12). The magistrate judge issued findings and conclusions recommending that the Court deny William's motion for leave to proceed *in forma pauperis*. FCR (ECF No. 13). On January 20, 2022, the District Court accepted the magistrate judge's findings and recommendation. Ord. (ECF No. 14). Williams then filed a motion to withdraw his notice of appeal, as well as his motion for leave to proceed *in forma pauperis*, and he requested that the Clerk of Court open a new case. (ECF No. 15.)

On May 26, 2022, the Fifth Circuit Court of Appeals dismissed William's appeal for want of prosecution. (ECF No. 19.) But on June 14, 2022, the Fifth Circuit granted Williams's motion to reinstate his case. And on October 3, 2022, the Fifth Circuit entered an order holding Williams's *in forma pauperis* motion in abeyance and remanding the case to this Court for the limited purpose of determining the timeliness of his notice of appeal.

Following the Fifth Circuit's remand, Williams filed an "Affidavit of Prior Timely Mailing of Notice of Appeal." (ECF No. 22.) In it, he explains that his Bureau of Prisons institution, United States Penitentiary Coleman I, is "very violent and multiple incident [sic] occur weekly (fights, stabbing, assaults, etc.). As a result, the institution goes on Lockdown (sometimes for a day or up to three weeks or more)." *Id.* at 1. Williams further explains that "[a]s a result of many, many 'Lockdowns,' the mail system that is 'supposed to exist' does not exist and the standard rule is 'Good Luck,' do the best that you can." *Id.* He claims that "No 'system' exists—Good Luck." *Id.* With respect to the notice of appeal at issue on remand, Williams claims that he mailed the Notice of Appeal the same day it was written. *Id.* Williams concludes, "I don't delay, I mail when I finish writing." *Id.*

## II.

The timeliness of a notice of appeal implicates the appellate court's appellate jurisdiction. *Allen v. Windham*, 756 F. App'x 465, 466 (5th Cir. 2019) (mem.) (per curiam). Federal Rule of Appellate Procedure 4, the so-called "prison mailbox rule," addresses appeals filed by inmates confined in an institution and provides:

> If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing[.]

3

Fed. R. App. P. 4(c); *see also Rosas v. Nueces Cnty.*, 744 F. App'x 903, 904 n.2 (5th Cir. 2018) (mem.) (per curiam) ("The prison mailbox rule provides that a pro se inmate's notice of appeal is deemed filed on the date that the inmate gives the notice of appeal to prison authorities to be mailed to the court rather than the date it is filed with the court.") (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). An appellant bears the burden of demonstrating that he timely filed his notice of appeal. *Stevens v. Heard*, 674 F.2d 320, 323 (5th Cir. 1982). When the appellant is a prisoner, he bears "[t]he burden to demonstrate he timely placed the notice of appeal in the prison mail system[.]" *Walker v. Stephens*, 2015 WL 1401683, at *2 (N.D. Tex. Mar. 25, 2015).

The Court entered the order Williams seeks to appeal on October 18, 2021. (ECF No. 9.) Thus, his notice of appeal was due December 17, 2021. *See* Fed. R. App. P. 4(a)(1)(B) (providing 60 days to appeal if one of the parties is a United States employee).

Although Williams appears confused about when he submitted his notice of appeal, *see* Aff. (ECF No. 22) (stating he mailed the Notice of Appeal on December 17, 2021), the record here shows that Williams signed his notice of appeal on November 24, 2021, and it was postmarked on December 2, 2021. (ECF No. 11 at 5.) This Court received the notice of appeal on December 3, 2021. *Id.* at 1. Accordingly, it appears that Williams timely filed his notice of appeal.

4

## Recommendation

The Court should apply the prison mailbox rule, find that Williams's notice of appeal was timely filed, and return this case to the Fifth Circuit Court of Appeals for further proceedings, or dismissal, as may be appropriate.

Signed November 28, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. See *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).